IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUANITA SPEER,                      )
                                    )
                Plaintiff,          )
                                    )
        v.                          )  Civil Action No. 11-84J
                                    )
MICHAEL J. ASTRUE,                  )
COMMISSIONER OF                     )
SOCIAL SECURITY,                    )
                                    )
                Defendant.          )

                    MEMORANDUM JUDGMENT ORDER

        AND NOW, this 23rd day of July, 2012, upon due consideration
of the parties' cross-motions for summary judgment pursuant to
plaintiff's request for review of the decision of the Commissioner
of Social Security ("Commissioner") denying plaintiff's
application for supplemental security income under Title XVI of
the Social Security Act ("Act"), IT IS ORDERED that the
Commissioner's motion for summary judgment (Document No. 13) be,
and the same hereby is, granted and plaintiff's motion for summary
judgment (Document No. 10) be, and the same hereby is, denied.

        As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999). Importantly, where the ALJ's findings of fact are
supported by substantial evidence, a reviewing court is bound by
those findings, even if it would have decided the factual inquiry
differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.
2001). These well-established principles preclude a reversal or

remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed an application for supplemental security income on June 20, 2008, alleging a disability onset date of June 1, 2006, due to back pain and anxiety. Plaintiff's application was denied initially and plaintiff filed a request for a hearing. Subsequently, however, on February 13, 2009, plaintiff knowingly and voluntarily signed a waiver of right to personal appearance before an ALJ. (R. 36-37). On October 20, 2009, upon consideration of all of the evidence, including plaintiff's medical records and a vocational expert's responses to written interrogatories, the ALJ issued a decision finding that plaintiff is not disabled. On February 5, 2011, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 39 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). She has an eighth grade education which is classified as limited. 20 C.F.R. §416.964(b)(3). Plaintiff has past relevant work experience as a cook, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and considering the vocational expert's hypothetical responses, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that

plaintiff suffers from the severe impairments of degenerative disc disease, including disc extrusion and moderate spinal compression at T7-8, and anxiety, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a limited range of sedentary work with certain restrictions recognizing the limiting effects of her impairments. (R. 11-12).   Taking into account these limiting effects, the vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including nut sorter, food and beverage order clerk and addresser. Relying on the vocational expert's responses, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months.   42 U.S.C. §1382c(a)(3)(A).   The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability.  20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further.  Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff's *pro se* filing does not set forth any specific challenges to the ALJ's decision other than to indicate that the "whole reason" she is appealing is "because of my neck surgery" and that she "couldn't even think of working for someone with all the pain I'm in and the [medications] I'm on.".  In support of her motion, plaintiff has attached a treatment note from a Dr. Nassr dated March 2, 2011, nearly 18 months after the ALJ's decision.  Upon review, the court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

---

[1]   The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity.   20 C.F.R. §416.920.   In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

In reviewing the ALJ's decision, the court begins by recognizing that plaintiff was unrepresented by counsel during the administrative proceedings. Because Social Security proceedings are inquisitorial, not adversarial, "it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103 (2000). Moreover, it long has been established in this circuit that the ALJ has a heightened duty to develop the record and to hold full and fair hearings when a claimant is unrepresented. Livingston v. Califano, 614 F.2d 342 (3d Cir. 1980); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979). Importantly, however, the mere fact that a claimant is unrepresented by counsel is not alone sufficient for remand, rather, remand is appropriate only where "the lack of counsel prejudiced the claimant or ... the administrative proceeding was marked by unfairness due to lack of counsel." Livingston, 614 F.2d at 345.

In this case, the court is satisfied that plaintiff's lack of counsel resulted in neither an unfair administrative proceeding nor prejudice. First, the record is clear that plaintiff adequately was informed of her right to counsel, Saldana v. Weinberger, 421 F.Supp. 1127 (E.D.Pa. 1976), and to free counsel if she could not afford it. Singleton v. Schweiker, 551 F.Supp. 715 (E.D.Pa. 1982).

In the initial notice of disapproved claim, plaintiff was advised in writing of her right to representation at a hearing before an ALJ, that there are groups that can provide free legal

services if she qualifies and that there are attorneys who would not charge a fee unless she would win her appeal. (R. 22). These rights also were set forth in the form by which plaintiff first requested a hearing before the ALJ. (R. 25). Then, in a letter to plaintiff dated February 11, 2009, in which the hearing procedures were explained, plaintiff again was advised of her right to representation, of her right to free representation if she cannot afford it, and of the availability of attorneys who work on a contingent fee basis. (R. 30-31). This letter was accompanied by a leaflet entitled "Your Right to Representation," (R. 32-33), as well as a list of organizations that provide free legal representation for qualified claimants. (R. 34-35). Finally, plaintiff signed the waiver of right to personal appearance at a hearing, which also expressly states that she understands that she has a right to representation. (R. 36).

After having been advised in writing on multiple occasions of her right to legal representation, and free representation if she could not afford it, plaintiff knowingly and voluntarily waived that right and elected to proceed without representation. (R. 243). The court thus finds no unfairness in the proceeding due to a lack of counsel, as "a claimant ... has as much right to proceed pro se as [she] does to engage a lawyer." See, e.g., Evangelista v. Secretary of Health & Human Services, 826 F.2d 136, 142 (1st Cir. 1987).

Likewise, the record establishes that plaintiff was aware of her right to personally appear before the ALJ, of the importance

AO 72 (Rev. 8/82)

of that right, and that her waiver of that right also was knowing and voluntary. In the October 21, 2008, notice of disapproved claim, plaintiff explicitly was informed of her right to a hearing and was informed of how the hearing process works. (R. 21-22). In particular, the notice advised plaintiff that a hearing would be her opportunity to tell the ALJ why she disagrees with the decision in her case and that she would have the opportunity to provide the ALJ with new evidence and to have people testify on her behalf. (R. 22). In addition, in bold letters the notice instructs plaintiff that "it is important to go to the hearing." (R. 22).

As noted, plaintiff initially did file a request for a hearing upon receipt of the foregoing notice. (R. 25). After filing her request, the Commissioner provided plaintiff with another letter dated February 11, 2009. (R. 30-31). It only was after receipt of this letter that plaintiff filed a waiver of her right to personally appear. In that waiver, plaintiff again was advised of her right to appear and indicated that she understood that a hearing would provide her with an opportunity to present evidence, her own testimony and the testimony of others, and that the "opportunity to be seen and heard could be helpful to the [ALJ] in making a decision." (R. 36).

Having been advised of all of that, plaintiff knowingly and voluntarily signed the waiver of right to appear. The court is satisfied that plaintiff's waiver of her right to appear at a hearing was knowingly and voluntarily made.

The record in this case establishes that the ALJ complied with his heightened duty to plaintiff as an unrepresented claimant. As plaintiff has failed to demonstrate prejudice or unfairness in the administrative proceeding resulting from her lack of counsel, the court finds that a remand would be inappropriate in this case, as the court also is satisfied that the ALJ's decision is supported by substantial evidence.

In finding plaintiff not disabled, the ALJ adhered to the five-step sequential evaluation process and adequately explained at each step the reasons for his findings. Specifically, the ALJ set forth in detail how he arrived at his residual functional capacity finding that plaintiff can perform less than the full range of sedentary work and explained how the medical evidence of record supports that finding. (R. 11-15).

Although plaintiff has not challenged explicitly the ALJ's evaluation of the medical evidence, the court has reviewed the record and finds no error in the ALJ's conclusions. The ALJ adhered to the appropriate standards in evaluating the medical evidence[2] and thoroughly discussed all of the relevant medical evidence in his decision. (R. 12-14). Based upon his review of the entire record, the ALJ concluded that plaintiff's impairments, while severe, do not preclude her from performing any substantial

---

[2]    Under the regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight to which each opinion is entitled, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d).

gainful activity. In making that determination, the ALJ correctly relied upon the written responses of a vocational expert to interrogatories posited by the ALJ indicating that jobs exist which plaintiff retains the residual functional capacity to perform. (R. 16). The court is satisfied that all of the ALJ's findings are supported by substantial evidence as outlined in his decision.

As to Dr. Nassr's treatment note dated March 2, 2011, that plaintiff has submitted to this court with her summary judgment motion, because this evidence was not before the ALJ this court may not consider it in evaluating the ALJ's decision under the substantial evidence standard. Instead, when a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. See Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Sentence 6 permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See also Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). "[A] claimant must satisfy all three requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews at 594; Szubak at 833.

Here, plaintiff cannot establish that this report is material, as it is dated March 2, 2011, nearly 18 months after the

ALJ's decision and thus is outside the relevant time frame. And although the treatment note alludes to a failed neck surgery, and plaintiff states in her motion that she is appealing because of her neck surgery, there is no indication in the record when plaintiff's neck surgery actually occurred. If it occurred after the ALJ's decision, it clearly is not material to the ALJ's determination of not disabled. If it occurred prior to the ALJ's decision, plaintiff has not shown good cause for not bringing it to the ALJ's attention. As the treatment note is not material, there is no justification for a sentence 6 remand for consideration of this evidence. If plaintiff believes that she became disabled due to a failed neck surgery after the date of the ALJ's decision, her recourse is to file a new application for benefits.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:   Juanita Speer (pro se)
      527 Dorothy Avenue
      Johnstown, PA 15906

      Stephanie L. Haines
      Assistant U.S. Attorney
      319 Washington Street
      Room 224, Penn Traffic Building
      Johnstown, PA 15901